# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DAVID and RUTH MOYA,
individuals,

                                     Case No.:

      Plaintiffs,

v.

MIDLAND CREDIT MANAGEMENT, INC.,
a foreign for-profit corporation,

      Defendant.

_____/

## VERIFIED COMPLAINT

**COME NOW**, Plaintiffs, DAVID and RUTH MOYA (hereinafter, "Plaintiffs"), by and through the undersigned counsel, and sue Defendant, MIDLAND CREDIT MANAGEMENT, INC. (hereinafter, "Defendant") and allege:

## PRELIMINARY STATEMENT

1.     This is an action for damages brought by individual consumers for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, "FCCPA"), the Fair Debt Collection Practices Act, 15 U.S.C., Section 1692, *et seq.* (hereinafter, "FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C., Section 227 (hereinafter, "TCPA").

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C., Section 1692k(d), 47 U.S.C., Section 227(b)(3), 28 U.S.C., Section 1337, and supplemental jurisdiction exists for the FCCPA claims arises pursuant to 28 U.S.C., Section 1367.

3.     At all material times herein, the conduct of Defendant, complained of below,

occurred in Polk County, Florida.

4.    At all times herein, Plaintiffs are individuals residing in Polk County, Florida.

5.    Defendant is a foreign for-profit corporation existing under the laws of the State of Kansas, that, itself and through its subsidiaries, regularly attempts to collect consumer debts due, or allegedly, due another from consumers in Polk County, Florida.

## GENERAL ALLEGATIONS

6.    At all times herein, Defendant was a "debt collector" as defined by 15 U.S.C., Section 1692a(6) and Florida Statutes, Section 559.55(6).

7.    At all times herein, Defendant attempts to collect consumer debt, including, but not limited to: a consumer credit card referenced by account number ending in -3619 (hereinafter, "Debt 3619"); a GE Money Bank consumer credit card referenced by account number ending in -0816 (hereinafter, "Debt 0816"); a Capital One credit card referenced by account number ending in    -6762 (hereinafter, "Debt 6762"); a consumer credit card referenced by account number ending in -1337 (hereinafter, "Debt 1337"); and/or a T-Mobile consumer cellular telephone account referenced by account number ending in -3414 (hereinafter, "Debt 3414") (hereinafter collectively, the "Debt").

8.    At all times herein, the Debt was consumer debt, incurred primarily for personal, household or family use.

9.    At all material times, the Defendant was a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

10.   At all times herein, Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5) and 15

U.S.C., Section 1692a(2).

11.     At all times herein, Defendant acted itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

12.     All necessary conditions precedent to the filing of this action occurred or have been waived by Defendant.

## FACTUAL ALLEGATIONS

13.     Defendant's telephone calls, as more specifically alleged below, were made to Plaintiff David Moya's cellular telephone number 786.333.7550 (hereinafter, "Cellular Telephone") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system, (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

14.     Plaintiff David Moya is the owner, regular user, and possessor of a Cellular Telephone with the assigned number 786.333.7550.

15.     At all times herein, the Debt was not incurred or owed by Plaintiff David Moya. Instead, the Debt was incurred and owed by Plaintiff Ruth Moya.

16.     Defendant acquired the Debt for collection – and at all times herein collected the Debt – after the Debt was in default.

17.     At no time herein did Defendant have Plaintiff David Moya's prior express consent to call his Cellular Telephone using an ATDS, a PTDS, or an APV.

18.     Plaintiff David Moya was not a party to any agreement creating the Debt.

19.     Further, Plaintiff David Moya never provided his Cellular Telephone number in any agreement or application for the Debt.

20.     Furthermore, if Defendant ever possessed prior express consent to call Plaintiff David Moya's Cellular Telephone using an ATDS, a PTDS, or an APV, such consent was revoked when Plaintiff David Moya sent Defendant written notice requesting Defendant cease and desist all communication with his Cellular Telephone, as more specifically detailed below.

21.     Upon information and belief, Defendant non-consensually obtained Plaintiff David Moya's Cellular Telephone number using a "skip-trace."

22.     On or before February 27, 2012, Defendant called Plaintiff David Moya's Cellular Telephone using an ATDS, a PTDS, or an APV in an attempt to collect the Debt.

23.     On or about February 27, 2012, Plaintiff David Moya sent Defendant a cease and desist letter asking Defendant to cease all communication with him in its attempt to collect the Debt (hereinafter, "Cease & Desist Letter").  Please see attached a true and correct copy of said Cease and Desist Letter and delivery confirmation sheet labeled as Exhibit "A1-A2."

24.     Plaintiff David Moya's Cease & Desist Letter revoked any prior express consent to call Plaintiff David Moya's Cellular Telephone using an ATDS, a PTDS, or an APV.

25.     Further, Plaintiff David Moya's Cease & Desist Letter put Defendant on notice that any further calls to Plaintiff David Moya's Cellular Telephone using an ATDS, a PTDS, or an APV, would be placed in knowing violation of the TCPA.

26.     Despite never having prior express consent and having received Plaintiff David Moya's Cease & Desist Letter, Defendant called Plaintiff David Moya's Cellular Telephone using an ATDS or a PTDS – from telephone number 877.237.0512 – in an attempt to collect the Debt at least on the following occasions:

      a)     January 4, 2014 at approximately 8:20 a.m. ET;

      b)     January 4, 2014 at approximately 9:17 a.m. ET;

4

c)      January 4, 2014 at approximately 10:38 a.m. ET;

d)      January 4, 2014 at approximately 11:36 a.m. ET;

e)      January 5, 2014 at approximately 2:18 p.m. ET;

f)      January 5, 2014 at approximately 4:08 p.m. ET;

g)      January 6, 2014 at approximately 2:38 p.m. ET;

h)      January 7, 2014 at approximately 8:42 a.m. ET;

i)      January 7, 2014 at approximately 2:28 p.m. ET;

j)      January 8, 2014 at approximately 8:05 a.m. ET;

k)      January 8, 2014 at approximately 11:23 a.m. ET;

l)      January 8, 2014 at approximately 3:04 p.m. ET;

m)      January 8, 2014 at approximately 5:48 p.m. ET;

n)      January 9, 2014 at approximately 8:34 a.m. ET;

o)      January 9, 2014 at approximately 9:48 a.m. ET;

p)      January 9, 2014 at approximately 11:47 a.m. ET;

q)      January 9, 2014 at approximately 1:28 p.m. ET;

r)      January 10, 2014 at approximately 8:38 a.m. ET;

s)      January 10, 2014 at approximately 11:47 a.m. ET;

t)      January 10, 2014 at approximately 2:39 p.m. ET;

u)      January 11, 2014 at approximately 8:38 a.m. ET;

v)      January 11, 2014 at approximately 12:24 p.m. ET;

w)      January 11, 2014 at approximately 4:16 p.m. ET;

x)      January 12, 2014 at approximately 8:21 a.m. ET;

y)      January 12, 2014 at approximately 9:19 a.m. ET;

z)      January 12, 2014 at approximately 10:39 a.m. ET;

aa)     January 12, 2014 at approximately 12:05 p.m. ET;

bb)     January 13, 2014 at approximately 9:31 a.m. ET;

cc)     January 13, 2014 at approximately 10:34 a.m. ET;

dd)     January 13, 2014 at approximately 12:22 p.m. ET;

ee)     January 13, 2014 at approximately 3:59 p.m. ET;

ff)     January 14, 2014 at approximately 8:23 a.m. ET;

gg)     January 14, 2014 at approximately 9:37 a.m. ET;

hh)     January 14, 2014 at approximately 11:51 a.m. ET;

ii)     January 14, 2014 at approximately 2:37 p.m. ET;

jj)     January 15, 2014 at approximately 8:22 a.m. ET;

kk)     January 15, 2014 at approximately 8:53 a.m. ET;

ll)     January 15, 2014 at approximately 9:51 a.m. ET;

mm)     January 15, 2014 at approximately 10:51 a.m. ET;

nn)     January 16, 2014 at approximately 9:58 a.m. ET;

oo)     January 16, 2014 at approximately 12:53 p.m. ET;

pp)     January 16, 2014 at approximately 4:47 p.m. ET;

qq)     January 17, 2014 at approximately 8:25 a.m. ET;

rr)     January 17, 2014 at approximately 12:16 p.m. ET;

ss)     January 17, 2014 at approximately 5:12 p.m. ET;

tt)     January 18, 2014 at approximately 10:29 a.m. ET;

uu)     January 18, 2014 at approximately 1:30 p.m. ET;

vv)     January 19, 2014 at approximately 10:17 a.m. ET;

ww)   January 19, 2014 at approximately 4:26 p.m. ET;

xx)   January 19, 2014 at approximately 6:45 p.m. ET;

yy)   January 20, 2014 at approximately 10:23 a.m. ET;

zz)   January 20, 2014 at approximately 2:51 p.m. ET;

aaa)   January 21, 2014 at approximately 4:17 p.m. ET;

bbb)   January 22, 2014 at approximately 4:36 p.m. ET;

ccc)   January 22, 2014 at approximately 5:44 p.m. ET;

ddd)   January 22, 2014 at approximately 6:07 p.m. ET;

eee)   January 22, 2014 at approximately 6:40 p.m. ET;

fff)   January 23, 2014 at approximately 11:39 a.m. ET;

ggg)   January 23, 2014 at approximately 12:22 p.m. ET;

hhh)   January 23, 2014 at approximately 1:26 p.m. ET;

iii)   January 24, 2014 at approximately 9:25 a.m. ET;

jjj)   January 24, 2014 at approximately 9:43 a.m. ET;

kkk)   January 24, 2014 at approximately 10:17 a.m. ET;

lll)   January 25, 2014 at approximately 5:09 p.m. ET;

mmm) January 25, 2014 at approximately 6:06 p.m. ET;

nnn)   January 26, 2014 at approximately 5:02 p.m. ET;

ooo)   January 26, 2014 at approximately 6:33 p.m. ET;

ppp)   January 28, 2014 at approximately 6:10 p.m. ET;

qqq)   January 28, 2014 at approximately 6:39 p.m. ET; and

rrr)   January 28, 2014 at approximately 7:10 p.m. ET.

27.   Plaintiffs have retained Leavengood, Dauval & Boyle, P.A. for the purpose of

pursuing this matter against Defendant, and Plaintiffs are obligated to pay their attorneys a reasonable fee for their services.

28.     Plaintiffs have not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the barrage of unlawful Debt collection calls, to record the specifics (as done above) on each and every call made to Plaintiff David Moya's Cellular Telephone. Plaintiffs assert, however, that the above-referenced calls are but a sub-set of the calls made in violation of the FCCPA, the FDCPA, and the TCPA. Further, Defendant is in the best position to determine and ascertain the number and methodology of calls made to Plaintiff David Moya's cellular telephone.

29.     As a direct result of Defendant's actions, Plaintiffs have suffered severe stress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep. Plaintiffs further believe that Plaintiff David Moya's dispute of the Debt and Cease & Desist Letter were wholly ineffective, and that the frequent, repeated Debt collection attempts would simply have to be endured.

30.     Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages per independent, temporally displaced violation, plus actual damages, and an award of attorneys' fees and costs to Plaintiffs, should Plaintiffs prevail in this matter.

31.     United States Code, Title 15, Section 1692k provides for the award of up to $1,000.00 statutory damages per action, plus actual damages, costs, and an award of attorneys' fees to Plaintiffs, should Plaintiffs prevail in this matter against Defendant.

32.     United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded

voice to Plaintiff David Moya's cellular telephone in violation of the TCPA or the regulations proscribed thereunder.

33.     Additionally, United States Code, Title 47, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system, a predictive telephone dialing system, or an artificial or prerecorded voice to Plaintiff David Moya's cellular telephone in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

34.     At all times herein, it would have been possible for Defendant to avoid violating the terms of the TCPA.

35.     Based upon the aforementioned allegations, Defendant's telephone calls made to Plaintiff David Moya's Cellular Telephone using an ATDS, a PTDS, or an APV were made in willful and knowing violation of the TCPA.

36.     As of the date of this complaint, Defendant has not initiated a law suit in an effort to collect the Debt.  Likewise, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

**COUNT ONE:**
**UNLAWFUL DEBT COLLECTION PRACTICE –**
**VIOLATION OF FLORIDA STATUTES, SECTION 559.72(7)**

Plaintiffs re-allege paragraphs one (1) through thirty-six (36) as if fully restated herein and further state as follows:

37.     Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(7) by willfully engaging in conduct, or by willfully communicating with the Plaintiff Ruth Moya or any member of her family – specifically her husband Plaintiff David

9

Moya – with such frequency as can reasonably be expected to abuse or harass Plaintiff Ruth Moya or any member of her family, including Plaintiff David Moya.

38. At no time herein did Defendant have Plaintiff David Moya's prior express consent to call his Cellular Telephone using an ATDS, a PTDS, or an APV.

39. At no time herein did Defendant have Plaintiff Ruth Moya's consent to communicate with anyone other than Plaintiff Ruth Moya regarding the Debt.

40. Plaintiff David Moya was not a party to any of the agreements or documents creating the Debt, never provided his cellular telephone number to Defendant, and never owed the Debt.

41. Furthermore, Plaintiffs took steps to provide notice of Defendant's unlawful conduct in order to mitigate the behavior, yet Defendant continued to repeatedly and mindlessly auto-dial Plaintiff David Moya's Cellular Telephone in its attempts to continually collect the Debt.

42. Despite lacking Plaintiff David Moya's prior express consent, and despite receiving Plaintiff David Moya's Cease & Desist Letter, Defendant placed at least seventy-one (71) telephone calls to Plaintiff David Moya's Cellular Telephone using an ATDS, a PTDS, or an APV.

43. All of the immediately-aforementioned auto-dialed calls were placed to Plaintiff David Moya's Cellular Telephone in a twenty-five (25) day time period.

44. Defendant's conduct, namely the repeated calling of Plaintiff David Moya, without consent and over repeated objection, left Plaintiff David Moya with the belief that Defendant was collecting Debt from him personally and that he had no other option than to either pay the Debt or continue to endure the harassing auto-dialed telephone calls.

45.     Defendant's calls, as alleged above, constitute an indirect attempt to collect the Debt from Plaintiff Ruth Moya and were placed in an attempt to abuse and harass Plaintiffs into paying the Debt.

46.     Defendant's actions were taken with no other intention but to abuse and harass Plaintiffs into paying the Debt.

47.     Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect the Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

48.     As a direct and proximate result of Defendant's actions, Plaintiffs have sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT TWO:
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)

Plaintiffs re-allege paragraphs one (1) through thirty-six (36) as if fully restated herein and further state as follows:

49.     Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(9) by attempting to collect the Debt, with knowledge that the Debt is not legitimate, or by asserting the existence of some legal right when Defendant knows that the right does not exist.

50.     At no time herein did Defendant have Plaintiff David Moya's prior express consent to call his Cellular Telephone using an ATDS, a PTDS, or an APV.

51.     Plaintiff David Moya was not a party to any of the agreements or documents creating the Debt, never provided his cellular telephone number to Defendant, and never owed the Debt.

52.     Furthermore, Plaintiff David Moya took steps to provide notice of Defendant's unlawful conduct in order mitigate the behavior, yet Defendant continued to repeatedly and mindlessly auto-dial Plaintiff David Moya's Cellular Telephone in its attempts to collect the Debt.

53.     Despite lacking Plaintiff David Moya's prior express consent, and despite receiving Plaintiff David Moya's Cease & Desist Letter, Defendant placed at least seventy-one (71) telephone calls to Plaintiff David Moya's Cellular Telephone using an ATDS, a PTDS, or an APV.

54.     Defendant's collection calls, despite having knowledge Plaintiff David Moya did not owe the Debt and never gave his prior express consent, constitute the assertion of the legal right to call Plaintiff David Moya's Cellular Telephone with an ATDS, a PTDS, or an APV. Defendant knew it did not have such a legal right.

55.     Additionally, despite knowing that Plaintiff David Moya did not owe the Debt, Defendant attempted to collect illegitimate Debt from Plaintiff David Moya.

56.     Defendant's Debt collection attempts directly to Plaintiff David Moya constitute the knowing collection of an illegitimate Debt, as Plaintiff David Moya had no obligation for the Debt nor was a party to any agreement creating the Debt.  Further, Defendant knew it had no right to contact anyone other than Plaintiff Ruth Moya regarding the Debt, but repeatedly did so anyway.

57.     As a direct and proximate result of Defendant's actions, Plaintiffs have sustained damages as defined by Florida Statutes, Section 559.77.

## COUNT THREE:
## FAIR DEBT COLLECTION PRACTICES ACT –
## VIOLATION OF 15 U.S.C., SECTION 1692d(5)

Plaintiff David Moya re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further states as follows:

58.     Defendant is subject to, and has violated the provisions of, 15 U.S.C., Section 1692d(5) by causing a telephone to ring or engaging Plaintiff David Moya in telephone conversation repeatedly with the intent to annoy, harass or abuse any person at the called number.

59.     At no time herein did Defendant have Plaintiff David Moya's prior express consent to call his Cellular Telephone using an ATDS, a PTDS, or an APV.

60.     Plaintiff David Moya was not a party to any of the agreements or documents creating the Debt, never provided his cellular telephone number to Defendant, and never owed the Debt.

61.     Furthermore, Plaintiff David Moya took steps to provide notice of Defendant's unlawful conduct in order to mitigate said behavior, yet Defendant continued to repeatedly and mindlessly auto-dial Plaintiff David Moya's Cellular Telephone in its attempts to collect the Debt.

62.     Despite lacking Plaintiff David Moya's prior express consent, and despite receiving his Cease & Desist Letter, Defendant placed at least seventy-one (71) telephone calls to Plaintiff David Moya's Cellular Telephone using and ATDS, a PTDS, or an APV.

63.     All the immediately-aforementioned auto-dialed calls were placed to Plaintiff David Moya's Cellular Telephone in a twenty-five (25) day time period.

64.     Defendant's actions of calling Plaintiff's cellular phone at least seventy-one (71)

13

times in a twenty-five (25) day time period, considering the fact that Plaintiff David Moya did not owe the Debt, were taken with the intent to annoy, harass, or abuse Plaintiff David Moya into paying a Debt he did not owe.

65.     As a direct and proximate result of Defendant's actions, Plaintiff David Moya has sustained damages as defined by 15 U.S.C., Section 1692k.

**COUNT FOUR:**
**FAIR DEBT COLLECTION PRACTICES ACT –**
**<u>VIOLATION OF 15 U.S.C., SECTION 1692f</u>**

Plaintiff David Moya re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further states as follows:

66.     Defendant is subject to, and has violated the provisions of, 15 U.S.C., Section 1692f by using unfair or unconscionable means to collect the Debt.

67.     At no time herein did Defendant have Plaintiff David Moya's prior express consent to call his Cellular Telephone using an ATDS, a PTDS, or an APV.

68.     Plaintiff David Moya was not a party to any of the agreements or documents creating the Debt, never provided his cellular telephone number to Defendant, and never owed the Debt.

69.     Furthermore, Plaintiff David Moya took steps to provide notice of Defendant's unlawful conduct in order to mitigate loss, yet Defendant continued to repeatedly and mindlessly auto-dial Plaintiff David Moya's Cellular Telephone in its attempts to continually collect the Debt from Plaintiff David Moya, specifically Debt he did not owe.

70.     Despite lacking Plaintiff David Moya's prior express consent, and despite receiving Plaintiff David Moya's Cease & Desist Letter, Defendant placed at least seventy-one

(71) telephone calls to Plaintiff David Moya's Cellular Telephone using an ATDS, a PTDS, or an APV.

71.     Additionally, despite knowing that Plaintiff David Moya did not owe the Debt, Defendant attempted to collect the Debt directly from Plaintiff David Moya.

72.     Defendant's actions constitute the use of unfair or unconscionable means in the collection of the Debt by disregarding its lack of prior express consent to engage in such conduct, disregarding Plaintiff David Moya's clear and conspicuous Cease & Desist Letter, by continuing to repeatedly call Plaintiff David Moya's cellular telephone in its attempts to collect the Debt, and by attempting to collect a Debt from Plaintiff David Moya that Defendant knew he did not owe.

73.     As a direct and proximate result of Defendant's actions, Plaintiff David Moya has sustained damages as defined by 15 U.S.C., Section 1692k.

**COUNT FIVE:**
**TELEPHONE COMMUNICATIONS PROTECTION ACT-**
**<u>VIOLATION OF 47 U.S.C., SECTION 227(b)(1)(A)</u>**

Plaintiff David Moya re-alleges paragraphs one (1) through thirty-six (36) as if fully restated herein and further states as follows:

74.     Defendant is subject to, and has violated the provisions of, 47 U.S.C., Section 227 (b)(1)(A) by using an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiff David Moya's prior express consent.

75.     Specifically, as enumerated above, Defendant used an automatic telephone dialing system, a predictive telephone dialing system, or an artificial or pre-recorded voice to call

Plaintiff David Moya's Cellular Telephone at least seventy-one (71) times in its attempt to collect the Debt, without Plaintiff David Moya's prior express consent.

76.     At no time did Defendant have Plaintiff David Moya's prior express consent to call his Cellular Telephone.

77.     Further, if Defendant contends they had such consent, such consent was revoked when Defendant received Plaintiff's Cease & Desist Letter which contained conspicuous and clearly stated language revoking any such consent to call Plaintiff David Moya's cellular telephone using an ATDS, a PTDS, or an APV.

78.     Furthermore, Plaintiff David Moya was not a party to any of the agreements or documents creating the Debt, never provided his cellular telephone number to Defendant, and never owed the Debt.

79.     The conduct of the Defendant complained of herein is the result of a repeated willful and knowing violation of the TCPA.

80.     Plaintiff David Moya is entitled to and seek injunctive relief enjoining Defendant from further violations of the TCPA.

81.     As a direct and proximate result of the Defendant's conduct, Plaintiff David Moya has suffered:

        a.     The periodic loss of his Cellular Telephone service;

        b.     Lost material costs associated with the use of peak time cellular telephone minutes allotted under his Cellular Telephone service contract.

        c.     The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

    d.    Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

    e.    Statutory damages.

**COUNT SIX:**
**TELEPHONE CONSUMER PROTECTION ACT-**
**WILLFUL VIOLATION OF 47 U.S.C., SECTION 227(b)(1)(A)**

Plaintiff David Moya re-alleges paragraphs one (1) through thirty-six (36), as well as paragraphs seventy-four (74) through eighty-one (81) as if fully restated herein and further states as follows:

82.    The conduct of the Defendant, complained of herein, is the result of a repeated willful and knowing violation of the TCPA.

83.    Defendant's calls were willful and knowing, as Defendant David Moya sent a Cease & Desist Letter to Defendant which clearly and conspicuously demanded Defendant stop calling him on his Cellular Telephone.

84.    Further, Plaintiff David Moya was not a party to the agreement creating the Debt and never provided his cellular telephone number to Defendant or the original owner of the Debt, which evidences that Defendant obtained Plaintiff David Moya's Cellular Telephone number through a non-consensual "skip-trace."

85.    Defendant also knows that it does not, and has not, reached out to Plaintiff David Moya to independently obtain his prior express consent—oral, written or otherwise—to attempt to collect the illegitimate Debt by calling Plaintiff David Moya's Cellular Telephone using an ATDS, a PTDS and/or an APV.

86.     Defendant is fully aware of the TCPA and its restrictions and, as such, Defendant's calls constitute knowing and/or willful violations of the TCPA.

87.     As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff David Moya is entitled to an award of treble statutory damages, up to $1,500.00, for each and every violation pursuant to 47 U.S.C., Section 227(b)(3)(B) and 47 U.S.C., Section 227(b)(3)(C).

88.     Plaintiff David Moya is entitled to and seek injunctive relief enjoining Defendant from further violations of the TCPA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of the Defendant's conduct, Plaintiffs respectfully request against Defendant entry of:

a. Judgment against Defendant, per Plaintiff, for maximum statutory damages for violations of the FCCPA per independent, temporally displaced violation;

b. Judgment against Defendant for maximum statutory damages for violations of the FDCPA;

c. Judgment against Defendant declaring that the Defendant violated the FCCPA, the FDCPA, and the TCPA;

d. Judgment for Plaintiff David Moya against Defendant for statutory damages in the amount of $500.00 for each of Defendant's telephone call that violated the TCPA;

e. Judgment for Plaintiff David Moya against Defendant for treble damages in the amount of $1,500.00 for each telephone call that violated the TCPA for which Defendant acted knowingly and/or willfully;

f.  Judgment providing declaratory and injunctive relief, prohibiting Defendant from further engaging in conduct that violates the FCCPA and the TCPA;

g.  Judgment for an award of attorneys' fees and costs; and

h.  Any other such relief the Court may deem proper.


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendant and demand that Defendant and its affiliates safeguard all relevant evidence —paper, electronic documents, or data— pertaining to this potential litigation as required by law.

Respectfully Submitted,

**LEAVENLAW**

**[X] Ian R. Leavengood, Esq., FBN 0010167**
**□ Aaron M. Swift, Esq., FBN 93088**
**□ G. Tyler Bannon, Esq., FBN 105718**
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
tbannon@leavenlaw.com
*Attorneys for Plaintiffs*

19

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )

COUNTY OF ~~POLK~~ *Pinellas* ) *KMB*

Plaintiff DAVID MOYA, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
DAVID MOYA

Subscribed and sworn to before me
*KMB* this 12th day of Mar., 2014.

_____
Notary Public

My Commission Expires:

Proof of I.D.: Florida DL



K M BOORE
Notary Public - State of Florida
My Comm. Expires Jan 14, 2018
Commission # FF 083396

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA      )
                                     )

COUNTY OF _____  )

Plaintiff RUTH MOYA, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
RUTH MOYA

Subscribed and sworn to before me
this 2 day of April , 2014.

_____
Notary Public

My Commission Expires: 9-14-2014   Proof of I.D.: Fl Driver's Lic



LORETTA MERRICKS
Notary Public - State of Florida
My Comm. Expires Sep 14, 2014
Commission # EE 25315

20